United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROSMERY ALEJANDRA HERNANDEZ-LOPEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05498 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RANDY TATE, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Rosmery Alejandra Hernandez-Lopez filed a petition for writ of *habeas corpus* under 28 USC §2241 through a next friend on July 13, 2026. Dkt 1. The petition acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Id at 10–14.

A prior order struck the next-friend petition for lack of jurisdiction. Dkt 4 at 2–3. On the merits, it also cited the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." Dkt 4 at 4. It also noted the subsequent decision of the Fifth Circuit in *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026), which addressed the constitutionality of detention under §1225(b)(2)(A), along with its subsequent vacatur. See 181 F4th 608 (5th Cir 2026). Dkt 4 at 4–5. Also noted were several rulings by the undersigned in similar cases on related due process arguments. Ibid.

Initial screening of the petition determined that the arguments presented by the next friend raised only issues resolved in those decisions. But Petitioner was granted an opportunity to file an amended petition, either *pro se* or through counsel, identifying individual circumstances or additional arguments supporting a different result. Id at 5.

Some mail addressed to Petitioner was returned as undeliverable. Dkts 5 & 6. But the order striking the petition and granting leave to amend hasn't been returned and so is presumed to have reached either Petitioner, the next friend, or both. Petitioner has filed no response to date, and her time to do so has now expired.

Petitioner hasn't established that her detention violates either the Constitution or federal law. As such, she isn't entitled to relief on *habeas corpus* in this action as presented.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The petition for writ of *habeas corpus* by Petitioner Rosmery Alejandra Hernandez-Lopez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any other pending motions are DENIED AS MOOT.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on August 19, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge